9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Benjamin E. DAVIS, Plaintiff-Appellant,
v.
AMERICAN PREFERRED INSURANCE COMPANY, Defendant-Appellee.
 No. 92-15592.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 12, 1993.
Decided Oct. 14, 1993.
 
 Before: SNEED, POOLE and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Benjamin Davis appeals the district court's award of summary judgment to American States Preferred Insurance Company (American). Davis sought a declaratory judgment that a homeowners policy American issued covered injuries he sustained. We now affirm.
 
 
 3
 A district court's grant of summary judgment, and its interpretation of an insurance contract, are reviewed de novo. State Farm Mut. Auto. Ins. Co. v. Davis, 937 F.2d 1415, 1417-18 (9th Cir.1991).
 
 
 4
 We reject each of Davis's several arguments. First, we reject the argument that American's policy exclusion for property "rented to an insured" applies only to property rented during the life of the policy, not before. This argument would lead to the implausible conclusion that American would not be liable for premises liability occurring during the policy, but would be liable for premises liability occurring anytime before the policy began. Both common sense and the case law disallow any such strained construction. See Preston v. Goldman, 227 Cal.Rptr. 817 (Cal.1986).[1]
 
 
 5
 As an alternative means of avoiding the policy exclusion, Davis argues that Noorda's failure to warn was an entirely separate tort from the alleged negligent construction of the staircase on the property. We reject this argument as well, because the fact that Noorda was in Montana when he failed to warn does not change the fact that Davis's fall from a Hayward, California staircase was a "bodily injury ... arising out of a premises ... rented to an insured."
 
 
 6
 Davis's next contends that Noorda's alleged defective construction of the staircase, and his subsequent failure to warn, were "concurrent proximate causes" of Davis's injury. He cites case law stating that when there are concurrent proximate causes of a loss, and when one cause is an insured risk while the other is an uninsured risk, coverage must be found and the exclusion must be held not to control. See State Farm Mutual Ins. Co. v. Partridge, 109 Cal.Rptr. 811, 817 (Cal.1973).
 
 
 7
 But it is not correct that there was one insured, and one uninsured, risk. As just discussed, both risks were uninsured. Noorda's construction of the staircase was uninsured because it predated the policy. Noorda's failure to warn was uninsured because subject to the exclusion for bodily injury "arising out of a premises ... rented to an insured." Hence, this argument must fail also.
 
 
 8
 Finally, Davis contends that the insurance policy was ambiguous, and ought to be resolved against its drafter, American. We find little ambiguity in the policy, and reject this final argument as well.
 
 
 9
 American requests sanctions for what it considers a frivolous appeal. The appeal was not complex but we do not consider it frivolous. From all that appears, Davis took this appeal because he hoped he could win it, not to vex his adversary.
 
 
 10
 The district court's award of summary judgment is AFFIRMED. American's request for sanctions is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We disagree with Davis that Preston is distinguishable from this case